826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WINDSOR MOLD, INC., a Canadian Corporation, Plaintiff-Appellant,
v.
COLT INDUSTRIES OPERATING CORPORATION, a Delaware
Corporation, Defendant- Appellee.
 No. 85-1697.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1987.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Windsor Mold, Inc., appeals from the order of the United States District Court for the Eastern District of Michigan, which granted partial summary judgment against it as to five out of the six claims set out in its complaint filed against defendant, Colt Industries Operating Corporation. The grant of summary judgment had no effect on the claims as asserted against defendant Applied Manufacturing Systems, Inc. Plaintiff contends that the district court ignored the existence of genuine issues of material fact when it decided, as a matter of law, that there was no contract between it and Colt, and that it also erred in assuming that all five claims depended upon the existence of a contract.
 
 
 2
 The facts, as gathered from the record on summary judgment, can be summarized as follows. On February 26, 1980, plaintiff issued a purchase order to Applied Manufacturing for a milling machine, manufactured by Colt. Plaintiff subsequently discussed with representatives of both defendants the substitution of a different control mechanism. Plaintiff contends that Colt represented that another control would be far superior, and agreed to provide plaintiff with the new control in July 1980. On April 11, 1980, plaintiff sent another purchase order to Applied Manufacturing, which expressly cancelled and superseded the purchase order of February 26, 1980. Plaintiff accepted Allied Manufacturing's purchase order.
 
 
 3
 On December 17, 1981, plaintiff filed this action against Colt and Allied Manufacturing contending that the machine was not delivered on time, and that, when finally delivered, it failed to operate properly. Plaintiff's claims were grounded upon the following theories: (1) breach of contract; (2) rescission of contract; (3) implied warranties of merchantability and fitness of purpose; (4) intentional fraudulent misrepresentation; (5) breach of duty of fair dealing by fraudulent concealment; and (6) negligent misrepresentation. Attached to the complaint were copies of the two purchase orders.
 
 
 4
 On August 1, 1985, Colt filed a motion for partial summary judgment, asking the district court to dismiss all counts except the intentional fraudulent misrepresentation claim. In support of its contention that, as a matter of law, the undisputed facts showed that there was no contract between the parties, Colt relied upon the purchase orders attached to the complaint, and an affidavit of an attorney for Colt, who said that he was familiar with discovery materials in the case and believed that none of them raised a genuine issue of material fact. No evidentiary documentation was supplied by plaintiff to support its memorandum in opposition to summary judgment.
 
 
 5
 After oral argument was held on the motion, the district court rendered an oral opinion from the bench and granted Colt's motion by finding, as a matter of law, that there was no contract between Colt and plaintiff.
 
 
 6
 Although plaintiff, in its response to Colt's motion for summary judgment, alluded to an oral contract by Colt "to deliver," this reference was not supported by evidentiary documentation. Nor can the complaint be fairly construed to allege the existence of an oral contract for delivery between plaintiff and Colt. Indeed, the delivery date alleged to have been violated was specifically set out in the second purchase order, which was submitted subsequent to the time plaintiff alleged it had discussions with Colt's representatives.
 
 
 7
 In arriving at its decision, the district court properly ignored the affidavit of counsel, and noted that "it appears clearly that by looking at the documents, purchase orders, correspondence and other documents, Colt just was not a party to the contract." The trial court was provided nothing by plaintiff to support its argument that an actionable contractual relationship existed between it and Colt. A motion for summary judgment having been made by Colt and supported by purchase orders showing that plaintiff and Allied Manufacturing were the contracting parties, plaintiff was not permitted to rest on its allegations that Colt was a party to the contract, but was required to respond with evidentiary documentation setting forth specific facts demonstrating that there was a genuine issue for trial on that issue. Fed.R.Civ.P. 56(e). In the face of plaintiff's failure to do so, the district court was warranted in concluding that there was no genuine issue as to any material fact on that point, and that Colt was therefore entitled to judgment as a matter of law on the claims based upon its being a contracting party.
 
 
 8
 Accordingly, the district court properly dismissed plaintiff's first and second claims, which were clearly grounded upon the existence of a contract between plaintiff and Colt. On appeal, plaintiff contends that its third and fifth claims are not dependent upon the existence of such a contractual relationship; dismissal of the sixth claim is not contested.
 
 
 9
 Under the circumstances of this case, proof of the existence of a contract between plaintiff and Colt was a necessary predicate for plaintiff's third and fifth claims. The state of Michigan law in this regard is ably summarized in Consumers Power Co. v. Mississippi Valley Structural Steel, 636 F.Supp. 1100 (E.D.Mich.1986).
 
 
 10
 The judgment of the district court is affirmed.